IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LONNIE LEE ROTENBERRY, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:22-CV-722-A |
| | § | (NO. 4:16-CR-121-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Lonnie Lee Rotenberry, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The court, having considered the motion, the government's response, the reply, the record, including the record in the underlying criminal case, No. 4:16-CR-121-A, styled "United States v. Ashleigh Lyn Allen, et al.," and applicable authorities, finds that the motion must be dismissed as untimely.

I.

Background

The record in the underlying criminal case reflects the following:

On May 18, 2016, movant was named along with others in a two-count information charging him in count two with conspiracy to possess with intent to distribute a mixture and substance

containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc.[1] 92. On May 26, 2016, movant appeared before the court with the intent to enter a plea of guilty. CR Doc. 98. Movant and his attorney signed a waiver of indictment. CR Doc. 100. They also signed a factual resume setting forth the maximum penalties faced by movant, the elements of the offense, and the stipulated facts establishing that movant had committed the offense. CR Doc. 99. Movant testified under oath at arraignment that: He waived the return of an indictment; he understood that he should never depend or rely upon any statement or promise by anyone as to what penalty would be assessed against him and that his plea must not be induced or prompted by any promises, mental pressure, threats, force, or coercion; he had discussed with his attorney how the sentencing guidelines might apply in his case; the court would not be bound by the stipulated facts and could take into account other facts; the guideline range could not be determined until the presentence report ("PSR") had been prepared; his term of imprisonment could be as much as twenty years; he understood the elements of the offense and he admitted that all of them existed; he had read and understood the information; he had read

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:16-CR-121-A.

2

and understood the factual resume and understood everything in it; he was satisfied with his representation; no threats or promises had been made to induce him to plead guilty; and, the stipulated facts in the factual resume were true. CR Doc. 306.

The probation officer prepared the PSR, which reflected that movant's base offense level was 32. CR doc. 145, ¶ 24. He received a two-level enhancement for possession of a firearm. Id. ¶ 25. He received a two-level and a one-level reduction for acceptance of responsibility. Id. ¶¶ 31, 32. Based on a total offense level of 31 and a criminal history category of VI, his guideline imprisonment range was 188 to 235 months. Id. ¶ 102. Movant filed objections, CR Doc. 177, and the probation officer prepared an addendum to the PSR. CR Doc. 192. The court determined that movant had not accepted responsibility for his conduct and that his total offense level was 34 and the guideline imprisonment range 262 to 327 months. CR Doc. 307 at 13-14. The court sentenced movant to a term of imprisonment of 240 months. CR Doc. 259. He appealed. CR Doc. 271. The attorney appointed to represent him on appeal filed briefs in accordance with Anders v. California, 386 U.S. 738 (1967), and the court of appeals agreed with the assessment that the appeal presented no nonfrivolous issues for appellate review. CR Doc. 329. On February 23, 2018, the appeal was dismissed. CR Doc. 328.

II.

Grounds of the Motion

As best the court can tell, movant alleges that he pleaded guilty to count one of the information, but was wrongfully sentenced under count two. Doc.[2] 1. In a document titled "Amended Petition" filed August 25, 2022, movant alleges that he received ineffective assistance of counsel because his appeal was never exhausted. Doc. 4. Thus, he maintains that limitations does not apply.

III.

Standards of Review

A. Limitations

A one-year period of limitation applies to motions under § 2255. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.

28 U.S.C. § 2255(f). Typically, the time begins to run on the date the judgment of conviction becomes final. United States v. Thomas, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987).

B. Section 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua,

5

656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

IV.

Analysis

The record reflects that movant's appeal was dismissed on February 23, 2018. Thus, his judgment became final on May 24, 2018, the date the time for filing a petition for writ of certiorari expired. Clay v. United States, 537 U.S. 522, 525 (2003). He had until May 24, 2019, in which to file his motion under § 2255. He did not deposit his motion in the prison mail system until August 14, 2022, more than three years too late. Doc. 1 at 2.

Movant argues that limitations never ran because there is no final judgment. He refers to Exhibit D, his notice of appeal, CR Doc. 271, and Exhibit E, a letter dated January 10, 2017, from the court of appeals to the court reporter regarding her

6

request for an extension of time to complete a transcript. Doc. 4 attachs. The documents do not support the argument.

In his reply, movant argues that limitations has not run due to fraud, arguing that he did not plead guilty to count 2 of the information. The record reflects otherwise. Movant's motion is untimely and must be dismissed.

V.

Order

The court ORDERS that movant's motion be, and is hereby, dismissed as untimely.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED October 3, 2022.

_____
JOHN McBRYDE
Senior United States District Judge